# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 28, 2012

144319 & (80)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

FIFTH THIRD MORTGAGE-MI, L.L.C., FIFTH
THIRD MORTGAGE COMPANY, and FIFTH
THIRD BANK,
        Plaintiffs-Appellees,

v

ROBERT M. HANCE, STEPHANIE HANCE,
EXECUTIVE ESTATE BUILDERS, L.L.C., and
ROCKRIDGE HOLDINGS, INC.
        Defendants,

and

FIRST AMERICAN TITLE INSURANCE
COMPANY,
        Defendant-Appellant.

_____/

SC: 144319
COA: 294698
Oakland CC: 05-070592-CZ

On order of the Court, the motion to seal the record is GRANTED. The Court finds that there is good cause to seal the record, consistent with the Oakland Circuit Court's September 27, 2006 protective order and the April 12, 2010 Court of Appeals order sealing the briefs and exhibits. There is no less restrictive means to adequately and effectively protect the specific interests asserted. See MCR 7.313(A), (D) and MCR 8.119(F)(1). The application for leave to appeal the September 29, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I join in this Court's order denying leave to appeal, but write separately to address the Court of Appeals majority's departure from the principles of resolving allegedly ambiguous contract provisions established in *Klapp v United Ins Group Agency, Inc*, 468

Mich 459 (2003). As this Court clarified in *Klapp*, "'"[t]he law is clear that where the language of the contract is ambiguous, the court can look to such extrinsic evidence as the parties' conduct, the statements of its representatives, and past practice to aid in interpretation."'" *Id.* at 470, quoting *Penzien v Dielectric Prod Engineering Co, Inc*, 374 Mich 444, 449 (1965). Only if ambiguity persists even *after* all other conventional means of contract interpretation have been applied, and all relevant extrinsic evidence considered, should the rule of *contra proferentem* (ambiguous contracts to be construed against the drafting party) be applied, as it was in this case. *Klapp*, 468 Mich at 474. Contrary to the analysis of the Court of Appeals majority, the rule of *contra proferentem* is a rule of last resort. The primary goal of contract interpretation is to honor the parties' intent, and the rule of *contra proferentem* does not further that goal; rather, it merely ascertains "the winner and the loser in connection with a contract whose meaning has eluded [the decision-maker] despite all efforts to apply conventional rules of interpretation." *Id.* at 474. That is, it is essentially a tiebreaker. However, a tie cannot be declared without first considering relevant extrinsic evidence. I concur with this Court's order because, although I believe that reasonable interpretations of the contract in dispute have been offered by both sides, in the end, I agree with the result reached by the Court of Appeals without finding the contract here to be ambiguous.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 28, 2012

_____
Clerk

p0925